IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR, | )<br>)<br>) | |
| Plaintiff, | )<br>) | CIVIL ACTION FILE<br>NO. 5:24-cv-4012 |
| v. | )<br>) | |
| FAYETTE JANITORIAL SERVICE, LLC,<br>d/b/a FAYETTE INDUSTRIAL | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## **COMPLAINT**

1. Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary") brings this action pursuant to sections 212(b) and 217 of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("Act" or "FLSA") to restrain Defendant and its agents, from continuing to engage in oppressive child labor in violation of sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c), 215(a)(4).

2. Fayette Janitorial Service, LLC, d/b/a Fayette Industrial ("Fayette"), is a cleaning and sanitation company that provides contract work at slaughtering and meatpacking establishments in Iowa and throughout the United States of America.

3. In Sioux City, Iowa, Fayette employees work at a slaughtering and meatpacking establishment owned and/or operated by Seaboard Triumph Foods, LLC ("STF"), located at 5555 Seaboard Triumph Parkway, Sioux City Iowa 51111 (hereinafter "STF Plant"). Fayette employs minor children at the STF Plant to work overnight cleaning shifts.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the Northern District of Iowa because Fayette has a place of business in Sioux City, Iowa, and Fayette is subject to personal jurisdiction in Iowa by, among other things, transacting business in Iowa. 28 U.S.C. § 1391(b)(1).

## RELEVANT STATUTORY AND REGULATORY PROVISIONS

6. Section 12(c) of the FLSA prohibits employers from using any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 212(c). Section 15(a)(4) of the FLSA provides, in relevant part, that it shall be unlawful for any person to violate section 12(c) of the Act. 29 U.S.C. § 215(a)(4).

7. Children 14 and 15 years of age may be employed outside school hours, but only in specified non-manufacturing and non-hazardous jobs for limited periods of time and under specified conditions. *See* 29 U.S.C. § 203(l). Any work that is not expressly permitted for 14- and 15-year-olds engaged in nonagricultural employment is prohibited. *See, e.g.,* 29 C.F.R. § 570.32. Children under 14 years of age may not be employed in non-agricultural occupations covered by the FLSA unless that work is specifically exempted by the statute or not covered by the Act. *See generally* 29 U.S.C. § 203(l); 29 C.F.R. § 570.119. The Department of Labor's Child Labor Regulations permit minors 14 and 15 years of age to work in certain occupations in nonagricultural employment only outside of school hours, specifically between the hours of 7:00 a.m. and 7:00 p.m. from Labor Day through June 1, and the regulations also restrict the number of hours these children can work in a day and in a week. 29 C.F.R. § 570.35. The regulations prohibit minors 14 and 15 years of age from working in any nonagricultural occupation declared to be hazardous for minors

between 16 and 18 years of age and, among other things, any occupation that involves cleaning power-driven machinery, including food slicers, food grinders, food choppers, food processors, food cutters, and food mixers. 29 C.F.R. § 570.33(b), (e).

8. The FLSA sets certain conditions for the lawful employment of minors working in nonagricultural employment. Sixteen- and 17-year-olds may be employed in any occupation other than those declared hazardous by the Secretary of Labor. *See* 29 U.S.C. 203(l). The Department of Labor's Child Labor Regulations have designated many occupations in or about slaughtering and meatpacking establishments as particularly hazardous for minors under 18 years of age working in nonagricultural employment. 29 C.F.R. § 570.61. Hazardous occupations include all occupations on the killing floor, unless employed as a messenger or in a similar occupation that requires the youth to only enter the area infrequently and only for short periods of time, and all occupations involving cleaning any of the following power-driven machines, or any parts thereof: "meat patty forming machines, meat and bone cutting saws, poultry scissors or shears; meat slicers, knives (except bacon-slicing machines), headsplitters, and guillotine cutters; snoutpullers and jawpullers; skinning machines; horizontal rotary washing machines; casing-cleaning machines such as crushing, stripping, and finishing machines; grinding, mixing, chopping, and hashing machines; and presses (except belly-rolling machines)." 29 C.F.R. §§ 570.61(a)(1) and (a)(4).

9. Section 12(b) of the FLSA provides that the Secretary shall conduct investigations and inspections with respect to the employment of minors pursuant to section 11(a), 29 U.S.C. § 211(a), and shall bring all actions to enjoin or restrain an employer's oppressive child labor under section 17, 29 U.S.C. § 217, which grants district courts the authority to restrain child labor violations.

# FACTUAL ALLEGATIONS

## The Parties

10. Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, is vested with authority to sue to restrain violations of the FLSA.

11. Defendant Fayette is a limited liability company organized under the laws of the State of Tennessee, with its principal office located in Somerville, Tennessee.

12. Fayette has employees working at the STF Plant in Sioux City, Iowa.

13. In addition to the STF Plant where Fayette employees work, Fayette has employees working in slaughtering and meatpacking establishments throughout the United States of America, including in Accomac, Virginia, at a Perdue Farms, LLC poultry processing facility.

14. Defendant Fayette has acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of Fayette employees within the meaning of section 3(d) of the FLSA and is a "person" within the meaning of section 3(a) of the FLSA.

15. The business activities of Defendant, as described herein, are related and performed through unified operation and common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

16. Upon information and belief, Fayette had an annual gross volume of sales made or business done in an amount not less than $500,000 at all relevant times.

17. Defendant Fayette provides cleaning services in several states, including Iowa and Virginia, with a corporate office in Tennessee. Fayette employees handle and work with goods or materials, such as cleaning supplies, that have been moved in or produced for commerce.

18. Therefore, Fayette employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

**Defendant's Oppressive Child Labor**

19. The Wage and Hour Division ("Wage and Hour") of the U.S. Department of Labor initiated an investigation of Defendant's employment of minors pursuant to sections 11(a) and 12(b) of the Act in Sioux City, Iowa at the STF Plant.

20. Wage and Hour's investigation revealed that Fayette employs minors at the STF Plant slaughtering and meatpacking establishment in Sioux City, Iowa.

21. Wage and Hour's investigation found that Fayette employs minors under the age of 16 at the STF Plant during overnight shifts to work more than three hours in a day and more than eighteen hours in a week while school is in session. Wage and Hour found that Fayette employs minors under the age of 18 whose job is to clean the killing floor. Wage and Hour also found that Fayette employs minors at the STF Plant slaughtering and meatpacking establishment in Sioux City, Iowa under the age of 18 who clean power-driven machines, including meat and bone cutting saws, headsplitters, jawpullers, and skinners.

22. Wage and Hour's investigation into Fayette's employment of minors has also revealed that Fayette employed minors to provide cleaning services at a slaughtering and meatpacking establishment in Accomac, Virginia during overnight shifts.

23. Fayette employees work at a Perdue Farms, LLC poultry processing facility ("Perdue Facility") in Accomac, Virginia. Investigation revealed that Fayette employed minors under the age of 14 at the Perdue Facility, employed minors under the age of 16 who worked for hours and times in violation of 29 C.F.R. § 570.35(a), and Fayette employed minors under the age of 18 at this establishment to work on the killing floor and to clean power-driven meat processing machines.

## CAUSE OF ACTION
### (Employment of Oppressive Child Labor in Violation of the FLSA)

24. The Acting Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

25. Defendant has violated and is violating sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce, including by employing minors under the age of 14 (*see* 29 C.F.R. § 570.119); by employing minors under the age of 16 to work more than eighteen hours in any one week when school is in session in violation of 29 C.F.R. § 570.35(a)(3); by employing minors under the age of 16 to work more than three hours in any one day when school is in session in violation of 29 C.F.R. § 570.35(a)(5); by employing minors under the age of 16 to work after 7:00 p.m. in violation of 29 C.F.R. § 570.35(a)(6); by employing minors under the age of 16 in an occupation that involves cleaning power-driven machinery in violation of 29 C.F.R. § 570.33(e); by employing minors under the age of 18 in occupations on the killing floor of a slaughtering and meatpacking establishment in violation of 29 C.F.R. § 570.33(b) and 29 C.F.R. § 570.61(a)(1); and by employing minors under the age of 18 in occupations involved in cleaning power-driven machines at a slaughtering and meat packing establishment, such as meat and bone cutting saws, in violation of 29 C.F.R. § 570.33(b) and 29 C.F.R. § 570.61(a)(4).

**WHEREFORE**, cause having been shown, Plaintiff respectfully requests this Court enter judgment against Defendant providing the following relief:

1. An injunction issued pursuant to section 17 of the Act permanently restraining Defendant and its agents from using oppressive child labor and from violating the provisions of sections 12(c) and 15(a)(4) of the Act, at each of its workplaces throughout the United States of America;

2. An order requiring Defendant to reimburse the Secretary for the costs of this action; and

3. An order granting such other relief as the Court may deem necessary or appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

*/s/ Traci Martin*
Ambriel Renn-Scanlan
Traci Martin
Laura O'Reilly
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
(816) 285-7260
renn-scanlan.ambriel@dol.gov
martin.traci.e@dol.gov
oreilly.laura.m@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor,*
*U.S. Department of Labor*