IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

JULIE A. SU, )
ACTING SECRETARY OF LABOR, )
U.S. DEPARTMENT OF LABOR, )
                 )
           Plaintiff, )    CIVIL ACTION FILE
                 )    NO. 5:24-cv-4012
    v. )
                 )
FAYETTE JANITORIAL SERVICE, LLC, )
d/b/a FAYETTE INDUSTRIAL )
                 )
                 )
          Defendant. )

## CONSENT ORDER AND JUDGMENT

This Consent Order and Judgment resolves a civil action filed by Plaintiff Julie A. Su,

Acting Secretary of Labor, U.S. Department of Labor ("Department of Labor" or "Acting

Secretary") to enforce sections 12(c), 15(a)(4), and 17 of the Fair Labor Standards Act of 1938,

as amended ("FLSA" or "Act"), 29 U.S.C. §§ 212(c), 215(a)(4) and 217, against Fayette

Janitorial Service, LLC, d/b/a Fayette Industrial ("Fayette" or "Defendant").

Defendant stipulates that it is subject to the FLSA and consents to the entry of the

judgment below.

Defendant admits and the Court finds Defendant, and its operations throughout the

United States, including Iowa and Virginia, are engaged in related activities performed through

unified operation or common control for a common business purpose and are an "enterprise"

under 29 U.S.C. § 203(r) of the FLSA.

1

Defendant admits and the Court finds Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) of the FLSA.

Defendant admits and the Court finds it has jurisdiction over this matter and Defendant.

It is hereby ORDERED, ADJUDGED, and DECREED that Defendant, its agents, servants, employees, successors, and all persons in active concert or participation with Defendant, including sub-contractors employed for the purpose of providing labor, who receive actual notice hereof, are permanently enjoined from violating sections 12(c) and 15(a)(4) of the FLSA, in any of the following manners, at any workplace in which Fayette operates.

1. Defendant, its officers, agents, servants, successors, and all persons acting or claiming to act on its behalf and interest, including sub-contractors employed for the purpose of providing labor, shall not, contrary to the provisions of sections 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and any provision of 29 C.F.R. Part 570, engage in oppressive child labor as defined by section 203(l) of the Act, including but not limited to, employing any individual in violation of the age, hours, or occupational restrictions set forth in 29 C.F.R. Part 570, at any of Defendant's workplaces in the United States.

2. Defendant shall not, contrary to sections 12(c) and 15(a)(4) of the Act, employ oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA, that Defendant, its officers, agents, servants, successors, and all persons acting or claiming to act on Defendant's behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 11(c) and 15(a)(5) of the FLSA.

3.      Defendant, their agents, officers, managerial employees, employees involved in hiring, and subcontractors employed for the purpose of providing labor shall make, keep, and preserve records showing the wages, hours, and other conditions of work for each of their employees in accordance with 29 U.S.C. § 211(c), including accurate records of the date of birth submitted for all employees under the age of 19 in accordance with 29 C.F.R. § 516.2(a)(3), and the identification of any machines on which minors are assigned to work or clean. Defendant shall make such records available to representatives of the Acting Secretary within 72 hours following notice from a representative of the Wage and Hour Division, unless otherwise specified and/or agreed by the parties.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that:

**Identification of Workers Employed in Violation
of the FLSA's Child Labor Provisions**

4.      Within sixty (60) days of the entry of this Consent Order and Judgment, Defendant will implement any necessary measures at each of the locations where Defendant operates throughout the United States of America to ensure that no individuals under the age of 18 are employed in violation of the provisions outlined in paragraph 1 above and to prevent any such future hires.

5.      Within ninety (90) days of the entry of this Consent Order and Judgment, Defendant will provide to the Wage and Hour Division a list of all minors employed by the Defendant. For each minor, Defendant shall also specify the minor's current age; the minor's current and anticipated (if different) hours of work (both the number of hours and time of day); the minor's job duties; and any machinery that the minor operates or that Defendant anticipates the minor will operate.

## Compliance Specialist

6.      Within ninety (90) days of the entry of this Consent Order and Judgment, Defendant will hire a third-party consultant or compliance specialist (hereinafter the "Compliance Specialist") with knowledge of and experience with the requirements of compliance with the FLSA's child labor provisions. The Compliance Specialist shall be sufficiently proficient in the written and spoken language predominantly used by employees or shall use an appropriate interpreter or translator when interacting with employees. Thirty-days prior to hire, Defendant will submit its selection of a Compliance Specialist to Wage and Hour. Wage and Hour will have seven (7) days to reject the selection.

7.      Within sixty (60) days of retention, the Compliance Specialist will review and enhance Defendant's existing policies for all employees relating to compliance with the child labor provisions of the FLSA and the regulations promulgated thereunder.

8.      Within ninety (90) days of retention, the Compliance Specialist shall review the Wage and Hour Division's Youth Employment Compliance Assistance Toolkit, as well as other resources the Compliance Specialist deems appropriate, to determine which materials should be used in the training of Defendant's managers, and within ninety (90) days of that review, the Compliance Specialist shall carry out such training at all of the facilities in which Defendant operates. The training will include training on the changes to Defendant's child labor policies made as a result of the review in paragraph 7.  Defendant will have such training materials properly translated for employees with limited English proficiency. In conjunction with Defendant, the Compliance Specialist shall maintain training logs reflecting the nature of the training, participants, and date(s) of training.

9.     The Compliance Specialist shall provide annual child labor compliance training to all management personnel for a period of three (3) years. Defendant also will train new managers as part of their onboarding process during this three-year period. Defendant shall, in conjunction with the Compliance Specialist, maintain training logs reflecting the nature of the training, participants, and date(s) of training. Prior to each annual child labor compliance training, the Compliance Specialist shall work with Defendant to review and suggest revisions concerning Defendant's policies and procedures to assist Defendant in complying with the FLSA's child labor provisions, and Defendant shall confer with the Compliance Specialist regarding all recommended changes to Defendant's policies and procedures in this regard. Defendant shall be responsible for ensuring its policies and training materials reflect up-to-date requirements for the employment of minors. This training shall be provided in a language or languages understood by the employees and in a format that is accessible to the employees.

10.     The Compliance Specialist shall monitor and audit Defendant's compliance with the child labor provisions of the FLSA for a period of three (3) years, commencing the day they are retained by the Defendants, and shall report any concerns regarding non-compliance with these provisions to Defendant's designated officials. The Compliance Specialist shall audit three (3) of Defendant's respective operations per quarter for three (3) years, as set forth above in this paragraph. Monitoring shall include unannounced site visits during the overnight cleaning and sanitation shifts, review of records, interviews of managers and employees, evaluation of training procedures, and additional steps to achieve compliance, as determined by the Compliance Specialist. Forms I-9, or copies of documents presented at the time of completion of the Forms I-9, for suspected minors, cannot be used to show compliance with section 12 of the FLSA, nor can they be used to come into compliance with section 12 of the FLSA. The monitoring and

5

auditing process required by this paragraph should ensure Defendant has exercised reasonable diligence to determine if it is employing unlawful child labor under the FLSA. This means Defendant must do more than simply accept a child's proof of age at face value. Defendant, in consultation with the Compliance Specialist, may consider, for example, how to gather valuable information from front-line supervisors or others who interact directly with workers and therefore are in a position to question when a worker may not be employed in compliance with the FLSA's child labor requirements.

11.    Should the Defendant or the Compliance Specialist identify any child labor violations, Defendant shall notify the Wage and Hour Division of the violation within ten (10) business days, or any such longer period agreed upon by the parties, of identification by the Compliance Specialist, including the identity of the minor, the facility at which the minor was working, the specific child labor violation found and a description of steps Defendant has taken to cure such violation, if any.

### Third Party Contracts

12.    Following retention of the Compliance Specialist, Defendant shall have thirty (30) days to include a child labor provision in its contract template provided to clients, for contracts executed and/or renewed after entry of this Order, with the name and contact information of the Compliance Specialist for clients to direct any questions or concerns regarding potential child labor at their establishment.  Additionally, Defendant shall attach Fact Sheet #43 on Child Labor in Non-Agriculture Occupations to all future contracts for its services.  Defendant must keep the child labor provision in its contact template and attach Fact Sheet #43 for at least three (3) years following the entry of this Consent Order and Judgment.

### Monitoring and Maintaining Tip Line and Notice of Violations

13.     Within ninety (90) days of the retention of the Compliance Specialist, Defendant shall establish a toll-free number that employees may use to seek guidance and/or to report compliance issues with the child labor provisions of the FLSA on an anonymous basis, with the requests for guidance or the reports of compliance issues being furnished directly to the Compliance Specialist. Notice informing employees of the toll-free number shall be posted in a conspicuous place, such as a room provided for employee notices, so as to permit employees to readily read it. The notice shall be posted in English and Spanish, as well as any language predominantly spoken by employees at that particular facility, within fifteen (15) days after confirmation that the toll-free number is set-up to receive anonymous reports regarding alleged child labor issues under the FLSA. The Compliance Specialist shall promptly investigate and document each complaint received relating to alleged child labor violations and shall make recommendations to Defendant regarding timely corrective actions, to the extent any are warranted, and Defendant shall document and maintain records regarding any corrective action taken. Such documentation shall be made reasonably available for review and copying to Wage and Hour upon the Acting Secretary's reasonable request. Defendant shall operate the toll-free number for a minimum of three (3) years following the entry of this Consent Order and Judgment.

### Compliance Reports

14.     Within 180 days of being retained, the Compliance Specialist shall submit an initial report to the Wage and Hour Division outlining steps taken to comply with the requirements of this Consent Order and Judgment. The initial report shall also summarize the Compliance Specialist's findings and include a summarizing restatement of any violations found during this 180-day period, copies of any training logs created by Defendant in conjunction with

7

the Compliance Specialist (along with a summary of training materials presented and substance of the training), and summaries of information regarding alleged unlawful child labor received through the toll-free number. Nothing in this paragraph shall relieve Defendant of the responsibility to report child labor violations within ten (10) business days of their discovery (or longer period agreed upon) as outlined in paragraph 11.

15.     After the initial report referenced in paragraph 14, the Compliance Specialist shall submit annual reports to the Wage and Hour Division, due after the second and third anniversary of the execution of this Consent Order and Judgment, relating to the three (3) years the Compliance Specialist is retained. These annual reports shall contain a summary of actions taken by the Compliance Specialist in carrying out the requirements of this Consent Order and Judgment, a summarizing restatement of any violations found during the preceding year, copies of any training logs created by Defendant in conjunction with the Compliance Specialist, and summaries of information regarding alleged unlawful child labor received through the toll-free number referenced in paragraph 13 (excluding materials and information submitted in the initial report described in paragraph 14). Nothing in this paragraph shall relieve Defendant of the responsibility to report child labor violations within ten (10) business days of their discovery (or longer period as agreed upon) as outlined in paragraph 11.

## Defendants' Opportunity to Cure Violations

17.     For purposes of this Consent Order and Judgment, to "cure" means to ensure the minor in question is not employed in violation of section 12 of the FLSA.

18.     As to contempt proceedings:

a.      For the applicable three-year period of the Compliance Specialist's review, should the Defendant or the Compliance Specialist identify any child labor

8

violations to Defendant as part of its auditing process in paragraph 10, Defendant shall have ten (10) business days to cure the reported child labor violation. In the event Defendant cures such violations within ten (10) business days, such alleged violations reported to the Department of Labor as provided in paragraph 11 shall not serve as the basis for a contempt action of this Consent Order and Judgment, unless the Department of Labor learns of these child labor violations from sources other than the Defendant (under paragraph 11) or the Compliance Specialist's formal reports (under paragraphs 14 and 15) prior to receiving notice from the Defendant or Compliance Specialist, in which case the Department may proceed with any action for contempt of this Consent Order and Judgment.

      b.     During the one hundred and eighty (180) day period following the entry of the Consent Order and Judgement, the Department of Labor shall promptly notify Defendant, in writing, of any individuals believed to be currently employed in violation of the child labor provisions of the FLSA. Defendant shall have ten (10) business days to cure such violation. In the event Defendant cures such violations in response to the Department of Labor's notification within ten (10) business days, such alleged violations shall not serve as the basis for a contempt action of this Consent Order and Judgment. Should Defendant fail to cure any such violation within ten (10) business days, the Department of Labor may proceed with any action for contempt of this Consent Order and Judgment.

19.    As to <u>civil money penalties</u>:

a.      Nothing in this Consent Order and Judgment shall be construed to limit the Wage and Hour Division's authority to issue civil money penalties as a result of any violation of section 12 of the FLSA unless explicitly stated otherwise.

b.      For the applicable three-year period of the Compliance Specialist's review, the Department of Labor shall be able to assess civil money penalties pursuant to 29 U.S.C. § 216(e) related to any child labor violation, unless the sole basis for the knowledge as to the child labor violations comes from the Defendant and/or Compliance Specialist's reports to the Wage and Hour Division.  Should the Department receive notice from another source, including, but not limited to, through its own open investigation(s), receipt of a complaint, referral from another governmental entity or the media, etc., of potential child labor violations prior to notification from the Compliance Specialist's reports to Wage and Hour or from the Defendant, the Department may assess civil money penalties related to those child labor violations even if it is also subsequently notified by the Defendant and/or Compliance Specialist.

### Mandatory Disciplinary Sanctions for Management Personnel

20.      Defendant shall impose disciplinary sanctions, including termination and/or suspension, upon any management personnel responsible for child labor violations occurring after the date of this Consent Order and Judgment. This includes any management personnel who are or become aware of child labor violations and fail to report it.

### Notice to DOL of Terminations/End of Employment

21.      Within forty-five (45) days after the entry of this Consent Order and Judgment, Defendant shall notify the Department of Labor of each employee employed at the Seaboard Triumph Foods, LLC plant in Sioux City, Iowa, and the Perdue Farms LLC facility in Accomac,

10

Virginia, whose employment ended, either voluntarily or involuntarily, or who stopped working at either of these facilities but transferred or was rehired at another Fayette operation, from September 2023, through the date of execution of this Consent Order and Judgment.

## Unannounced Entry and Inspection by the Wage and Hour Division

22.     Plaintiff specifically reserves the right to investigate Defendant's future compliance with the terms of this Consent Order and Judgment and any subsequent claims of Defendant employing oppressive child labor. Defendant agrees to permit unannounced entry during any shift, at any facility owned and/or controlled by Defendant, for the purposes of investigation by the Wage and Hour Division, in accordance with Plaintiff's power of investigation under section 11(a) of the FLSA, 29 U.S.C. § 211(a), without requiring a warrant. Defendant further agrees to produce all documents requested by the Wage and Hour Division during any such investigation without requiring a subpoena, within 72 hours following notice from a representative of the Wage and Hour Division, unless otherwise specified and/or agreed by the parties. The provisions of this paragraph shall remain in effect for a period of three (3) years from the date of the entry of this Consent Order and Judgment. If the property owner objects to a warrantless inspection on their property on which Fayette is operating, Fayette shall not be in breach of this provision.

## Retaliation

23.     Defendant agrees that it shall not take any retaliatory action against any of its employees, including family members or guardians of minor children employed by Defendant, in violation of 29 U.S.C. § 215(a)(3) of the FLSA because an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry

11

committee. These circumstances will be understood, for example, to apply when an employee has spoken with or otherwise consulted with the Compliance Specialist, when an employee has cooperated with the Wage and Hour Division or other agency of the Department of Labor, and when an employee has cooperated in a Department of Labor investigation. Prohibited retaliatory action includes, but is not limited to, reporting or threatening to report, directly or indirectly, any such individual to law enforcement agencies based on the person's actual or perceived immigration status, or initiating an internal I-9 audit or other reverification process for the purpose of retaliating against any worker or chilling that worker's rights under the FLSA. It shall not be considered a retaliatory action to terminate any individual who is determined to be a minor or whose age cannot be verified or confirmed on the basis, in whole or in part, of a review of any provided documentation.

### Notice of Rights

24.     Defendant shall post this Consent Order and Judgment, in English and Spanish, at each of the facilities in which it operates where notices are customarily posted for its employees, and it shall remain posted for a period of not less than sixty (60) days. Defendant shall provide the Wage and Hour Fact Sheet # 43 regarding the child labor provisions of the FLSA, Fact Sheet # 77A regarding the prohibition of retaliation under the FLSA, the "Employer Pocket Guide on Youth Employment," and the "Statement of DOL Interest/Prosecutorial Discretion" to each of its employees in the language used by the employee, to the extent such translation is available on the Department of Labor's website, and shall otherwise maintain all existing postings required by the Department of Labor.

### Civil Money Penalties

25.     Within thirty (30) business days of the entry of this Consent Order and Judgment, Defendant agrees to pay **$649,304.00** in civil money penalties ("CMPs") for child labor violations, specifically for the operation of machinery in violation of Hazardous Order 10 and other violations related to the twenty-four (24) minors identified as of the date of this Consent Order and Judgment as having worked at the Seaboard Triumph Foods, LLC plant in Sioux City, Iowa, and the Perdue Farms LLC facility in Accomac, Virginia, during the period of investigation.

## Other Investigations

26.     This Consent Order and Judgment resolves the Secretary's investigations into oppressive child labor against Defendant at its operations in the Seaboard Triumph Foods, LLC plant in Sioux City, Iowa (Investigation No. 1987347) and the Perdue Farms LLC facility in Accomac, Virginia (Investigation No. 1985539). By entering into this Consent Order and Judgment, the Acting Secretary specifically does not waive her right to complete other investigations of Defendant, including any investigations opened by the Acting Secretary prior to the execution of this agreement and to assess additional civil money penalties, pursuant to 29 U.S.C. § 216(e), in relation to these investigations, in accordance with paragraph 19 and 25 above.

Other than the civil money penalties outlined in paragraph 25, the Acting Secretary agrees not to assess additional civil money penalties against Fayette for alleged child labor violations at the Seaboard Triumph Foods, LLC plant in Sioux City, Iowa (Investigation No. 1987347) or the Perdue Farms LLC facility in Accomac, Virginia (Investigation No. 1985539) which occurred prior to the execution of this Consent Order and Judgment.

27. Defendant reserves the right to contest any additional assessment of future civil money penalties before an administrative law judge other than those civil money penalties assessed in paragraph 25.

## Costs

28. Each party shall bear such other of its own costs and attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

## Jurisdiction

29. The Court shall retain jurisdiction of this matter solely to enforce the Consent Order and Judgment.

DONE this ___6th___ day of ___May___ 2024.

_____

UNITED STATES DISTRICT JUDGE

Entry of this judgment
is hereby consented to:

[NAME]  MATTHEW ARMOUR
[TITLE]  CEO
Defendant Fayette

_____
Abby Odom
General Counsel for Defendant

APPROVED:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

_____
Ambriel Renn-Scanlan
Traci Martin
Laura O'Reilly
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
(816) 285-7260
renn-scanlan.ambriel@dol.gov
martin.traci.e@dol.gov
oreilly.laura.m@dol.gov

15

*Attorneys for Plaintiff, Julie A. Su,*
*Acting Secretary of Labor,*
*United States Department of Labor*